## THE PEOPLE v. CRYDER et al.

An indictment charging a felony, and setting forth that the defendant was an accessory before the fact, is good under the Statute, by which no distinction exists between a principal and an accessory before the fact.

APPEAL from the Court of Sessions of Sacramento County.

The defendants, John P. Cryder and J. Mullen, were indicted by the Grand Jury for the crime of forgery. The indictment sets forth that Mullen feloniously uttered, published and passed a Comptroller's Warrant for $500, and obtained the money upon it; and that Cryder before the uttering, publishing, and passing said forged warrant, feloniously advised and encouraged Mullen to utter, publish, and pass the same to the parties of whom the money was obtained, with intent to cheat, &c.; and that Mullen and Cryder then knew that the warrant was forged.

Cryder demurred to the indictment, and the Court overruling the demurrer, he plead not guilty, was tried and convicted. Motion was made in arrest of judgment and overruled, and Cryder appealed.

L. Sanders, Jr., for Appellant.

The facts stated in the indictment do not sustain the charge of forgery against Cryder. They merely charge him with advising and encouraging Mullen, which is not an offence under the laws of this State. The indictment charges more than one offence, viz: 1, uttering; 2, publishing; and 3, passing. Our statute provides that the indictment shall charge but one offence. Comp. Laws, 453; § 241.

The Attorney General for Respondent.

The opinion of the Court was delivered by Mr. Justice HEYDENFELDT. Mr. Chief Justice MURRAY and Mr. Justice TERRY concurred.

The charge in the indictment against the defendant is sufficiently intelligible to constitute him an accessory before the fact. The 255th Section of the Criminal Practice Act enacts, "No distinction shall exist between an accessory before the fact and a principal, or between principals in the first and second degree in cases of felony; and all persons concerned in the commission of a felony, whether they directly commit the act constituting the offence, or aid and abet in its commission, though not present, shall hereafter be indicted, tried, and punished as principals."

This section of the statute is conclusive of this case, and it remains but to add that the judgment is affirmed.